IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURT D. HARSHMAN                              Case No.

              Plaintiff,

vs.

HAYT, HAYT & LANDAU, LLC                      JURY TRIAL DEMANDED
and ASSET ACCEPTANCE, LLC

              Defendants.

## COMPLAINT

### INTRODUCTION

1. Defendants failed to cease collection activities after receiving a request for verification from Harshman.

2. Defendants' conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

3. Defendants' unlawful conduct caused Harshman to suffer emotional distress in the form of anxiety and anger.

4. Harshman is filing this lawsuit in order to recover damages against Defendants pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the common law torts of Negligence and Negligence Per Se.

### JURISDICTION

5. The Court has jurisdiction, 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

### PARTIES

6. Harshman is an adult living in Fayette County, Pennsylvania

7. Harshman is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant Hayt, Hayt & Landau, LLC ("Hayt") holds itself out to the public as a lawfirm with an address at Meridian Center 1, Two Industrial Way West, Eatontown, New Jersey 07724.

9. Hayt collects debt in the Commonwealth of Pennsylvania.

10. Hayt is a debt collector as that term is defined in the FDCPA, 15 U.S.C. § 1692a(6)

11. Defendant Asset Acceptance, LLC ("Asset") is a limited liability company with a place of business located at 28405 Van Dyke Avenue, Warren, MI 48093.

12. Asset purchases and collects portfolios of charged-off receivables from creditors.

13. Asset is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Asset retained Hayt to collect an alleged debt from Harshman. Asset is liable for the actions of its agent, Hayt.

## FACTS

15. Hayt sent Harshman an unsigned form collection letter dated July 3, 2009. According to the letter, Harshman owed a debt to Asset. A copy of the letter is attached hereto as Exhibit "A" and incorporated herein by reference.

16. Harshman sent Hayt a request for validation dated July 5, 2009. A copy of the letter is attached hereto as Exhibit "B" and incorporated herein by reference.

17. The request for validation was sent via certified mail and was signed for on July 16, 2009. A copy of the executed green card and United States Postal Service Track & Confirm form are attached hereto collectively as Exhibit "C" and incorporated by reference herein.

18. On November 16, 2009, Hayt continued its collection actives by filing suit against Harshman. A copy of the District Justice complaint is attached hereto as Exhibit "D" and incorporated by reference herein.

19. Hayt never provided Harshman with validation of the debt.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

20. Harshman incorporates by reference paragraphs 1 through 19 of this complaint as if each were set forth herein.

21. In its collection efforts, Defendants violated the FDCPA, *inter alia*, § 1692g.

22. As a result of Defendant's illegal collection activities, Harshman suffered actual damages in the form of emotional distress, anger, frustration, upset, as well as unjustified and abusive invasions of personal privacy.

23. Harshman is entitled to recover statutory damages in the amount of $1,000, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II

## NEGLIGENCE PER SE

24. Harshman incorporates by reference paragraphs 1 through 23 as if each were set forth at length herein.

25. Defendants violated a statute or ordinance, namely the FDCPA.

26. Defendants' violation proximately caused injury to Plaintiff.

27. Harshman's injury resulted from an occurrence of the nature which the statute or ordinance was designed to prevent.

28. Harshman is of the class of persons for whose protection the statute or ordinance was adopted.

29. Defendants' conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT III

30. Harshman incorporates by reference paragraphs 1 through 29 as if each were set forth at length herein.

31. Defendants were negligent in their collection of the debt.

32. Harshman was harmed, and suffered injury as described above.

33. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

34. Defendants had a duty to discontinue all collection activity against Harshman when it was notified that Harshman requested validation. After receiving the request for validation, Defendants continued their collection activities by filing suit against Harshman without providing validation of the debt.

35. Defendants were negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts and debt collection activities, filing suit against Harshman after they received a request for validation and prior to providing validation.

36. Defendants conduct as described above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Curt D. Harshman respectfully requests:

A. Statutory damages pursuant to 15 U.S.C. § 1692k

B. Actual Damages

C. Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k

D. Compensatory and punitive damages.

Respectfully Submitted,

JEFFREY L. SUHER, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. #74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp